IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James R. Watson, Jr., Plaintiff, v. South Carolina Judicial Department, Office of Disciplinary Counsel, Clerk of Court Florence County, Defendants. | Case No. 4:26-cv-01463-SAC **OPINION AND ORDER** |

This matter is before the Court on Plaintiff's Complaint, ECF No. 1; a Report and Recommendation ("Report") of the Magistrate Judge, ECF No. 10; Plaintiff's Motion to Stay Ruling on Report and Recommendation Pending Resolution of Related State Appellate Proceedings, ECF No. 22; and Plaintiff's Motion for Case-Specific Pacer Fee Exemption and Electronic Access, ECF No. 23. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pre-trial proceedings.

For the reasons stated herein, the Court summarily DISMISSES Plaintiff's Complaint without prejudice and without issuance and service of process. Plaintiff's Motion to Stay Ruling on Report and Recommendation Pending Resolution of Related State Appellate Proceedings, ECF No. 22, and Plaintiff's Motion for Case-Specific Pacer Fee Exemption and Electronic Access, ECF No. 23, are DENIED as MOOT.

## BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this action seeking declaratory and injunctive relief related to alleged "barriers" that prevented him from pursuing legal remedies

in the state courts in Florence County. ECF No. 1 at 2.

On April 14, 2026, the Magistrate Judge issued a Report recommending that this action be summarily dismissed without prejudice and without issuance and service of process. ECF No. 10. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 3. On April 16, 2026, the Clerk docketed Plaintiff's objections. ECF No. 12.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Id.* The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

Because Plaintiff is proceeding *pro se*, this Court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 F. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the

principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

"To trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the Court need only review for clear error "those portions which are not objected to — including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"); *Regassa v. Warden of FCI Williamsburg*, No. 8:22-cv-466-SAL, 2023 WL 2386515, at *2 (D.S.C. Mar. 7, 2023) (concluding an objection was nonspecific because the petitioner "ignore[d] the magistrate judge's analysis and repeat[ed] the arguments he made in his opposition brief"); *Velez v. Williams*, No. 9:19-cv-03022-JMC, 2021 WL 837481, at *5 (D.S.C.) (reviewing for clear error only when the petitioner's objections were "rehashed, general, and non-specific"), *appeal dismissed*, 2021 WL 5879177 (4th Cir. Dec. 13, 2021). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the Magistrate Judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

## ANALYSIS

The Magistrate Judge recommends dismissing this action because it is duplicative of another action, *Watson v. Hon. H. Steven DeBerry*, Case No. 4:25-cv-10454-SAL ("*Watson v.*

*DeBerry*"),[1] and is frivolous. ECF No. 10 at 1-2.

In the instant case, Plaintiff argues he has been denied meaningful access to the state courts in Florence County, South Carolina. ECF No. 1 at 2. Specifically, Plaintiff contends he has been unable to pay certain filing fees, that the state court did not provide him with a "meaningful alternative mechanism to proceed," and "these barriers prevented [him] from pursuing legal remedies." *Id*. Plaintiff alleges Defendants violated his rights under the First and Fourteenth Amendments. *Id*. at 2-3.

The Magistrate Judge determined Plaintiff's current claims are duplicative of his claims in *Watson v. DeBerry*. *See* ECF No. 10. In *Watson v. DeBerry*, Plaintiff asserted claims against a state court judge in Florence County and the Office of Disciplinary Counsel for violations of his rights under the First and Fourteenth Amendments. *See* Complaint, *Watson v. DeBerry*, ECF No. 1. Plaintiff alleged that, despite providing evidence of his inability to pay filing fees, the Honorable Steven DeBerry, IV, a state court judge, denied his requests to proceed *in forma pauperis* and caused him to "lose the ability to pursue certain legal claims to completion." *Id*. at 2-3. Plaintiff also sued the Office of Disciplinary Counsel for not taking "corrective action" as to the defendant judge. *Id*. The court adopted the Report and Recommendation of the Magistrate Judge and summarily dismissed the case. *See* Order, *Watson v. DeBerry,* ECF No. 18. The court then denied Plaintiff's request for reconsideration of its Order dismissing the case. *See* Order, *Watson v. DeBerry,* ECF No. 23. Plaintiff appealed. *See* Notice of Appeal*, Watson v. DeBerry,* ECF No. 25. The Fourth Circuit Court of Appeals affirmed the Court's summary dismissal, *see* Opinion, *Watson*

---

[1] The Magistrate Judge also notes this case may also be duplicative of *Watson v. Florence Cnty*, No. 4:25-cv-12967-SAL.

*v. DeBerry*, ECF No. 33, and denied Plaintiff's Motion for Rehearing en Banc, *see* Order, *Watson v. DeBerry*, ECF No. 35.

In this case, Plaintiff objects to the Report, contending that the instant action is not duplicative of prior litigation because "Plaintiff does not seek to relitigate prior rulings, Plaintiff challenges ongoing systemic barriers to court access, and Plaintiff seeks prospective injunctive and declaratory relief." ECF No. 12 at 1 (citation modified). Plaintiff further contends dismissal is improper because the legal theories and relief sought differ between the cases and the violation is "ongoing." *Id*. at 1-2. Plaintiff also argues that pursuant to "Ex parte Young, federal courts may grant prospective relief against state actors to prevent ongoing constitutional violations." *Id.* at 1. Plaintiff also refers the Court to "Bounds v. Smith" and "Christopher v. Harbury" concerning his constitutional right of access to the courts and the "continuing barriers" to him accessing the state court system. *Id*. at 2.

The Court agrees with the recommended dismissal of this action as this case is duplicative of *Watson v. DeBerry*, which the court already summarily dismissed. *Cottle v. Bell*, 229 F.3d 1142 (4th Cir. 2000) (unpublished table decision) (per curiam) ("Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e). Generally, a lawsuit is duplicative of another one if the parties, issues, and available relief do not significantly differ between the two." (internal citations omitted)). Here, the named defendants in this action and *Watson v. DeBerry* are similar,[2] and the claims and issues are essentially the same. In both actions, Plaintiff alleges violations of his constitutional rights under

[2] Plaintiff names the Office of Disciplinary Counsel in both this action and *Watson v. DeBerry*. In this action, Plaintiff also names the South Carolina Judicial Department and the Clerk of Court for Florence County, which are not named defendants in *Watson v. DeBerry*.

the First and Fourteenth Amendments. In both actions, Plaintiff asserts he was unable to pursue certain legal claims and remedies and denied access to the state court because he was unable to pay certain court fees. The documents included in support of the Complaint in this action are also included in support of the complaint filed in *Watson v. DeBerry*. In both actions, Plaintiff cites *Bounds v. Smith*, 430 U.S. 817 (1977) and *Christopher v. Harbury*, 536 U.S. 403 (2002) in his objections to the Report. However, these cases were thoroughly addressed and distinguished by the court in *Watson v. DeBerry*.[3] *See* Order, *Watson v. DeBerry*, ECF No. 18. Accordingly, the instant action is duplicative of *Watson v. DeBerry* and dismissed as frivolous.

## CONCLUSION

For the reasons discussed above, the Report and Recommendation, ECF No. 10, is adopted and incorporated by reference. This action is accordingly **SUMMARILY DISMISSED** without prejudice and without issuance and service of process. Plaintiff's Motion to Stay Ruling on Report and Recommendation Pending Resolution of Related State Appellate Proceedings, ECF No. 22, and Plaintiff's Motion for Case-Specific Pacer Fee Exemption and Electronic Access, ECF No. 23, are **DENIED** as **MOOT**.

---

[3] Plaintiff's reliance, for the first time, on *Ex Parte Young*, 209 U.S. 123 (1908) is misplaced. ECF Nos. 1 at 4; 12 at 1. *Ex Parte Young* creates an exception to state sovereign immunity under the Eleventh Amendment, allowing a plaintiff to sue state officials for prospective injunctive or declaratory relief designed to remedy ongoing violations of federal law when the officials are acting in their official capacity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1989) (citing *Ex Parte Young*, 209 U.S. 123 (1908)). Defendant South Carolina Judicial Department and Defendant Office of Disciplinary Counsel are not state officers or agency employees. *See Simpson v. S.C. Dept. of Corr.*, No. 2:19-cv-2245-RMG, 2020 WL 582321, at *3 (D.S.C. Feb. 6, 2020) (finding the South Carolina Department of Corrections, a state agency, retains its immunity under the Eleventh Amendment). Further, the *Ex Parte Young* exception to sovereign immunity "does not normally permit federal courts to issue injunctions against state-court judges or clerks. Usually, those individuals do not enforce state laws as executive officials might[.]" *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021).

**IT IS SO ORDERED**.

United States District Judge

October 29, 2026
Florence, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.